**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Louis Arvizu, Jr., | No. CV-16-03347-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

On August 7, 2017, Magistrate Judge James F. Metcalf issued a Report & Recommendation ("R&R") recommending the Court deny the petition for writ of habeas corpus. The R&R reasoned that eleven of the twelve claims were procedurally defaulted and the one claim that could be reviewed on its merits did not support granting relief. Petitioner Joe Louis Arvizu, Jr., filed lengthy objections, as well as a supplement, rearguing the merits of all of his claims. Respondents subsequently filed an additional brief regarding the impact of a ruling by the Arizona Court of Appeals in Petitioners' state post-conviction proceedings. Having reviewed the record, the petition for writ of habeas corpus will be denied.

## BACKGROUND

After a jury trial, Petitioner was convicted of aggravated drunk driving and sentenced to 4.5 years in prison. Petitioner filed a timely direct appeal but his counsel filed a notice with the Arizona Court of Appeals that she was "unable to discover any arguable questions of law after searching the entire record." *State v. Arvizu*, No. 1 CA-CR 15-0003,

2015 WL 7280917, at *1 (Ariz. Ct. App. Nov. 17, 2015). Petitioner filed a "supplemental brief" which the Arizona Court of Appeals described as raising seventeen issues. But that court concluded Petitioner "did not properly raise and argue" most of the seventeen issues "as required by Arizona Rule of Criminal Procedure 31.13." *Id.* at *2. Accordingly, the court concluded Petitioner had waived most of the issues. The court did, however, address and reject on the merits Petitioner's challenges regarding the sufficiency of the evidence and inconsistent witness testimony. *Id.* at *2-3. The court also addressed and rejected Petitioner's argument that the prosecution's failure to produce a "tow sheet" constituted a *Brady* violation.[1] *Id.* at *3.

On May 26, 2016, after his direct appeal failed, Petitioner filed a "Notice of Post-Conviction Relief" in Maricopa County Superior Court. (Doc. 10-1 at 9). That notice was merely the basic form to initiate the post-conviction process and did not contain any indication of the claims Petitioner wished to assert. Counsel was appointed but that counsel later filed a statement that "no colorable claim for relief" existed. (Doc. 1-2 at 29). The superior court directed Petitioner to file his own "Pro Per Petition for Post-Conviction Relief" no later than October 31, 2016. (Doc. 1-2 at 30). Instead of filing something in the state post-conviction proceeding, Petitioner initiated the present federal proceedings on September 30, 2016. Petitioner's federal petition contained 12 Grounds for Relief. With no substantive petition on file in state court, Petitioner's state post-conviction proceedings were dismissed on December 3, 2016. (Doc. 10-1 at 13).

On December 9, 2016, this Court noted Petitioner's own allegations were that he had not properly presented all of his claims in state court. That is, Petition stated he had "presented the claims in Grounds One through Four to both the Arizona Court of Appeals and the Arizona Supreme Court" but he did not even allege he had "presented the issues raised in Grounds Five through Twelve to any Arizona appellate court." (Doc. 5 at 4).

---

[1] While not entirely clear, the "tow sheet" apparently was a report from the towing company that had handled Petitioner's vehicle after he was arrested. Petitioner believed the tow sheet would have been "exculpatory" because it might have indicated, among other things, that his car did not have gasoline such that he could not have been driving it. At the time of trial, the tow sheet had been lost. The trial court gave a missing evidence jury instruction.

Thus, the petition appeared to qualify as a "'mixed' petition, i.e., one containing both exhausted and unexhausted claims." (Doc. 5 at 4). Because the Court had very limited information about the status of the state post-conviction proceedings, the Court noted Petitioner might still be able to exhaust "Grounds Five to Twelve if he promptly file[d] in the Arizona Court of Appeals a petition for review from the denial of his Rule 32 petition." (Doc. 5 at 5). The Court directed Petitioner to consider how he wished to proceed but also ordered Respondents to answer the petition.

Around December 22, 2016, Petitioner filed a petition for review with the Arizona Court of Appeals regarding the denial of his post-conviction petition. (Doc. 9). The petition for review explained that after his state post-conviction attorney advised him that she could find no plausible grounds for relief, he "chose to move forward" by filing a federal petition instead of filing his own petition in state court. In other words, Petitioner intentionally bypassed the state court post-conviction proceeding. Apparently misunderstanding this Court's Order, Petitioner explained to the Arizona Court of Appeals that he needed to raise "certain grounds" in a petition for review in order for the federal court to entertain his federal habeas petition. (Doc. 9 at 2). Thus, the petition for review presented some of the claims that this Court had informed Petitioner looked to be unexhausted. (Doc. 9).

In responding to the federal petition, Respondents asserted eleven of the twelve claims were "technically exhausted, but procedurally defaulted." (Doc. 10 at 2). According to Respondents, the only claim that had been exhausted in state court and could be resolved on the merits here was the claim involving the missing tow sheet. On May 16, 2017, the Magistrate Judge called for briefing on two issues. First, whether the federal petition should be dismissed pending completion of the state court post-conviction proceedings. (Doc. 22 at 4). And second, whether the petition contained exhausted and unexhausted claims such that Petitioner should be required to delete the unexhausted claims if he wishes to proceed with the exhausted claims.

Respondents submitted a brief stating "the petition for review has no effect in this

proceeding." (Doc. 23 at 1). Because Petitioner had not filed an actual petition for post-conviction relief in superior court, Respondents claimed the Arizona Court of Appeals would not consider any of the claims presented in his petition for review. (Doc. 23 at 2). Thus, there was no need to delay resolution of the federal petition pending a decision by the Arizona Court of Appeals. Moreover, the petition did not contain any unexhausted claims because, again, Petitioner's failure to pursue state-court relief meant all of his claims were technically exhausted but procedurally defaulted.

On August 7, 2017, Magistrate Judge Metcalf issued his R&R. At that time, the Arizona Court of Appeals had not yet acted on the petition for review. Despite the pending state-court proceedings, the R&R recommended the Court proceed to resolve the federal petition. The R&R also concluded that eleven of the twelve claims were procedurally defaulted. In reaching this conclusion, the R&R noted "Petitioner arguably presented various claims from his habeas petition in his Petition for Review to the Arizona Court of Appeals in his PCR proceeding." (Doc. 29 at 24). The R&R reasoned the Arizona Court of Appeals would "not consider claims in a PCR petition for review which were not presented to the PCR court." (Doc. 29 at 24). But the R&R also noted "actual consideration of the merits of a claim by the state appellate court" might satisfy exhaustion. (Doc. 29 at 25). The R&R then went on to analyze and reject the one claim that could be resolved on its merits involving the tow sheet. The R&R concluded all the other claims were procedurally defaulted. Petitioner filed objections to the R&R but did not address the procedural status of his claims. Instead, he merely reargued the merits of each of his claims.

On December 6, 2017, Petitioner filed a notice that the Arizona Court of Appeals had issued a decision on his petition for review. That decision provided, in full:

> Petitioner Joe Louis Arvizu, Jr. seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1. This is Arvizu's first petition.
>
> Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). It is the petitioner's burden to

- 4 -

> show that the superior court abused its discretion by denying the petition for post-conviction relief. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011) (petitioner has burden of establishing abuse of discretion on review).
>
> We have reviewed the record in this matter, the superior court's order denying the petition for post-conviction relief, and the petition for review. We find the petitioner has not established an abuse of discretion.
>
> We grant review but deny relief.

*Arizona v. Arvizu*, No. 1 CA-CR 16-0920 PRPC, 2017 WL 5709581, at *1 (Ariz. Ct. App. Nov. 28, 2017). Notably absent from that decision is any indication of the strange procedural posture of Petitioner's claims. Indeed, given that Petitioner had not presented *any* claims for relief to the superior court, it would seem to have been a foregone conclusion that the superior court's denial of relief was not an abuse of discretion.

After learning of the Arizona Court of Appeals' decision, the Court called for supplemental briefing on the procedural posture of Petitioner's claims. (Doc. 42). Respondents stated the Court of Appeals' decision should have no impact and almost all of Petitioner's claims remain procedurally defaulted. (Doc. 46). According to Respondents, the fact that Petitioner never pursued any post-conviction claims in the superior court means "it is not plausible to construe the Arizona Court of Appeals' decision as reaching the merits of [Petitioner's] manifestly deficient petition." (Doc. 46 at 7).

**ANALYSIS**

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* The district court need not, however, review the portions to which no objection is made. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[*D*]*e novo* review of factual and legal issues is required if objections are made, but not otherwise.") (quotation marks and citation omitted).

The R&R concluded "Grounds Two through Twelve must be dismissed with prejudice as procedurally defaulted." (Doc. 29 at 47). As for Ground One, the R&R

concluded Petitioner was not entitled to relief. Petitioner filed objections addressing all twelve of his grounds for relief. Petitioner's objections, however, deal only with the merits of his claims. That is, Petitioner does not address the procedural posture of his claims.

The current procedural posture of the twelve grounds for relief is inordinately complicated. On the direct appeal of his conviction, Petitioner filed a brief that the Arizona Court of Appeals accurately described as trying to raise issues merely by presenting a list of questions. *State v. Arvizu*, No. 1 CA-CR 15-0003, 2015 WL 7280917, at *1 (Ariz. Ct. App. Nov. 17, 2015). The Arizona Court of Appeals concluded Petitioner had not properly raised "the issues" he presented because he had not pointed to facts in the record and cited relevant legal authority. *Id.* at *2. Thus, Petitioner had "waived the issues on appeal." *Id.* In addition to that waiver, the Arizona Court of Appeals concluded certain issues, such as the allegations of ineffective assistance of counsel, could not be pursued on direct appeal. *Id.* Despite the waiver issue and noting that certain issues could not be addressed, the court addressed Petitioner's claim regarding the "missing tow sheet" and concluded there was no basis for relief. Generously read, Petitioner's direct appeal properly exhausted a claim involving the failure to turn over the "tow sheet." But as for Petitioner's eleven other claims, there is no indication he properly raised them in his direct appeal or his post-conviction proceeding in the superior court.

In addition to not properly presenting his claims in his direct appeal, Petitioner's post-conviction filing in superior court failed to present any claims. Petitioner did not file *any* document in the superior court indicating the claims he wished to pursue. Thus, the superior court summarily denied the petition. The Arizona Court of Appeals affirmed that decision, without indicating whether it was applying the obviously applicable procedural bar. Normally, when a state court "declined to apply the procedural bar that was available to it and adjudicated the claim on the merits, then the claim may proceed" in federal court. *Chambers v. McDaniel*, 549 F.3d 1191, 1196 (9th Cir. 2008). The Ninth Circuit has provided a forgiving standard for determining the basis of an ambiguous state court ruling: "unless a court expressly (not implicitly) states that it is relying upon a procedural bar, we

must construe an ambiguous state court response as acting on the merits of a claim, if such a construction is plausible." *Id.* at 1197. Here, it is not plausible to read the Arizona Court of Appeals' decision as acting on the merits of the claims.

The petition for review to the Arizona Court of Appeals required an assessment of whether the superior court abused its discretion when denying relief. In light of the fact that Petitioner did not file any post-conviction claims with the superior court, it would have been impossible for the Arizona Court of Appeals to conclude there had been an abuse of discretion. Therefore, the Arizona Court of Appeals decision was not an adjudication of the claims on their merits and eleven of Petitioner's claims remain procedurally defaulted. Therefore, the R&R's conclusion regarding procedural default will be adopted.

The only claim the Court need address on its merits involves the missing "tow sheet." The R&R addressed this claim in some detail and concluded Petitioner was not entitled to relief. Petitioner has not offered any basis to conclude that analysis was incorrect. In short, Petitioner has not established the Arizona Court of Appeals' decision was contrary to or an unreasonable application of Supreme Court law. *See* 28 U.S.C. § 2254(d)(1). Nor has he established the Arizona Court of Appeals' decision was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). Petitioner has never offered any convincing basis to conclude the missing "tow sheet" was the result of bad faith actions by the prosecutor. Petitioner is not entitled to relief on his only exhausted claim.

Finally, even assuming this Court were to ignore Petitioner's failure to exhaust his remaining claims, he would not be entitled to relief. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). The remaining claims involve complaints regarding particular evidentiary decisions by the trial court or decisions by his counsel during the course of representing him. In light of the record, those complaints are not a sufficient basis to merit relief. *Cf. Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) ("[H]abeas corpus is a guard against extreme malfunctions in

the state criminal justice systems, not a substitute for ordinary error correction through appeal.").

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 29) is **ADOPTED IN FULL**. The petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of portions of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and other portions of the petition do not make a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** the Motion to Appoint Counsel (Doc. 40) is **DENIED**.

Dated this 21st day of February, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge